UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MOISES REYNA-LEYVA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-035 |
| | § | |
| MARCO PESQUERA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

On August 16, 2017, the parties filed a Joint Stipulation of Dismissal with Prejudice (D.E. 66), asking the Court to retain jurisdiction "to enforce the terms of the Settlement Agreement and Release." By minute entry of August 18, 2017, for a status conference conducted in open court, the Court confirmed that it would retain jurisdiction for one year.

Now before the Court is "Plaintiff's Sealed Renewed Motion to Enforce Settlement Agreement" (D.E. 68) filed on August 3, 2018. Plaintiff has attached a copy of the Settlement Agreement and Release (D.E. 68, pp. 10-21), and asserts that Defendants paid some, but not all, of the monetary payments they agreed to make to Plaintiff in settlement of the case. Plaintiff seeks an order requiring Defendants to complete the payment of the monetary consideration for settlement. For the reasons set out below, the motion to enforce settlement (D.E. 68) is GRANTED IN PART and DENIED IN PART.

Defendants Marco Pesquera, Pangea U.S. Capital Corp., and Elite Top International Co.[1] raise four defenses. First, they claim that the settlement agreement exempts Defendant Marco Pesquera from personal liability for settlement payments. The paragraph referring to payments states, "As part of the consideration described herein, one or more of the Defendants, ***but not Marco Pesquera***, shall pay to Reyna-Leyva" monthly installments beginning July 15, 2017. D.E. 68, p. 12, ¶ 4 (emphasis added).

Construction of an unambiguous contract is a question of law for the Court. *E.g., Coker v. Coker*, 650 S.W.2d 391, 393-94 (Tex. 1983). The Court reads the cited provision as a clear agreement that Marco Pesquera is not personally liable for payment of monies to Plaintiff.[2] Nonetheless, Plaintiff argues that Pesquera should be held personally liable as a result of his role as President of Defendants Pangea U.S. Capital Corporation and Elite Top International Company and circumstances pertaining to the viability of those companies. D.E. 73, p. 2. This argument seeks to establish liability not by enforcing the settlement, but by establishing liability based upon corporate law. That issue is beyond the scope of the settlement agreement, the motion, and this Court's jurisdiction to enforce the settlement. Thus the claim is moot and **DENIED WITHOUT PREJUDICE**. Plaintiff—at this time and in this proceeding—is not entitled to an order requiring Defendant Marco Pesquera to make any payments called for in the settlement

---

[1] Defendants Norma Linda Perez, Saul Atkinson, Data Processing Specialists, Inc., Mohawk Construction, LLC, and Pangea Enterprises, Inc. did not respond to the motion within the time for doing so and are deemed to have no opposition to the relief sought. Southern District of Texas Local Rules 7.3, 7.4. The Court notes their default and continues to evaluate the evidence and arguments on their merits.

[2] This determination is not intended to, and does not, pretermit the question of what benefit Pesquera may achieve from the settlement if the other Defendants who are responsible for payments fail to comply with their obligations.

agreement. The motion to enforce is **DENIED IN PART** as to any request for money damages from Marco Pesquera.

Second, the responding Defendants claim that Plaintiff agreed to, but did not, dismiss this action within five days of the execution of the agreement and first payment made. While there was a five-day deadline for dismissal, it was an obligation of "the Parties," not just of Plaintiff. *See* D.E. 68, pp. 10, 12-13, ¶ 6. There is no evidence or argument that any delay was caused solely by Plaintiff.

The agreement was executed effective March 27, 2017. D.E. 68, p. 10. According to the verified motion, Plaintiff received the first payment on July 17, 2018. D.E. 68, p. 3. The parties' stipulation of dismissal was filed August 16, 2017. D.E. 66. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the stipulated dismissal was automatic and did not require a court order.

While the dismissal was not filed within five (5) days, it was effectively filed within a month of the first payment. There is no argument that time was of the essence or that the delay caused any prejudice to any Defendant. Further, there is no evidence that Defendants treated it as a material breach. Instead, they continued to make payments for at least three months thereafter, pursuant to the payment terms of the settlement agreement. D.E. 68, p. 3 (reciting that Defendant Pangea Enterprises, Inc. provided Plaintiff with five monthly checks pursuant to the terms of the settlement, the fifth of which was not paid due to insufficient funds). In fact, Defendants' only representation of a reason for failing to complete the settlement is their own alleged insolvency. The Court

**HOLDS** that any delay of the filing of dismissal is not attributable solely to Plaintiff and does not constitute a material breach as a matter of law.

Defendants' third argument is that venue is not proper in this Court because the settlement agreement provides that "Any suit brought to enforce this Agreement shall be brought in Harris County, Texas." D.E. 68, p. 17, ¶ 23. However, after entering into this agreement, the parties—through their stipulated dismissal and in open court—requested that this Court maintain jurisdiction for the express purpose of enforcing the settlement. Contractual terms may be modified by evidence of a subsequent agreement without violating the parol evidence rule. *E.g., Lakeway Co. v. Leon Howard, Inc.*, 585 S.W.2d 660, 662 (Tex. 1979) (per curiam). And the action taken here unmistakably waived the Harris County, Texas venue provision. Therefore, this Court **HOLDS** that it has the jurisdiction to enforce the agreement despite the prior choice of venue.

Fourth, Defendants complain, without offering any evidence in support, that they will have to violate any order enforcing the settlement agreement because it may force them into bankruptcy. They are concerned that this Court should not exercise its contempt powers for any breach of the settlement agreement. No request for contempt is before the Court. Any concern over insolvency is not an appropriate basis for relieving Defendants of their contractual obligations. The Court **HOLDS** that Defendants' alleged insolvency is no defense to the contractual enforcement of the settlement agreement and its monetary payment obligations.

For the reasons set out above, the motion to enforce (D.E. 68) is **GRANTED IN PART** and the Court **ORDERS** Defendants Pangea U.S. Capital Corp., Elite Top

International Co., Saul Atkinson, Mohawk Construction, LLC, and Pangea Enterprises, Inc.,[3] jointly and severally, to pay to Plaintiff Moises Reyna-Leyva the sum of EIGHTY THOUSAND DOLLARS ($80,000.00). The motion is **DENIED IN PART** as to any other claim for relief.

ORDERED this 27th day of August, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[3] Marco Pesquera was excepted from the obligation to pay as set out above. Signatures for Defendants Norma Linda Perez and Data Processing Specialists, Inc. do not appear on the settlement agreement as offered into evidence. D.E. 68, pp. 17-21. Therefore, the Court does not enforce the contract against them.